UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA M. PECK,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 12-577 AGR<br><br>MEMORANDUM OPINION AND ORDER |

       Plaintiff Teresa M. Peck filed this action on January 25, 2012.  Pursuant to 28 U.S.C. § 636©, the parties consented to proceed before the magistrate judge on February 13 and 14, 2012.  (Dkt. Nos. 12, 13.)  On December 17, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

       Having reviewed the entire file, the court affirms the decision of the Commissioner.

## I.

## PROCEDURAL BACKGROUND

On April 17, and May 22, 2008, respectively, Peck filed applications for disability insurance benefits and supplemental security income alleging an onset date of January 13, 2008. Administrative Record ("AR") 20, 159-65. The applications were denied. AR 20, 57-58. Peck requested a hearing before an Administrative Law Judge ("ALJ"). AR 67-68. On October 19, 2010, the ALJ conducted a hearing at which Peck and a vocational expert ("VE") testified by telephone. AR 35-56. On November 5, 2010, the ALJ issued a decision denying benefits. AR 17-29. On November 18, 2011, the Appeals Council denied the request for review. AR 1-5. This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Peck met the insured status requirements through March 31, 2012. AR 22. Peck had the severe impairments of multiple cervical fractures status post surgical fusion, history of deep venous thrombosis in the right arm, bipolar disorder and obsessive-compulsive disorder. *Id.* She had the residual functional capacity ("RFC") to lift and carry ten pounds occasionally and less than ten pounds frequently, and stand or walk for two hours and sit for six hours in an eight-hour workday. AR 24. Peck required a sit/stand option throughout the workday, and could not turn her head quickly from side to side. *Id.* She could "perform only simple, repetitive tasks, but can perform all of the other mental functions of work." *Id.* Although Peck could not perform any past relevant work, there were jobs that existed in significant numbers in the national economy that she could perform such as assembler, order clerk and charge account clerk. AR 27-28.

## C. Step Five of the Sequential Analysis

Peck contends the ALJ erred at Step Five for two reasons: (1) the ALJ relied on unreliable job numbers provided by the VE; and (2) the ALJ posed an incomplete hypothetical to the VE.

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits. *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id.*

### 1. The Vocational Expert's Testimony

Peck presents new evidence that she did not present to either the ALJ or Appeals Council.

The VE testified that a person with Peck's RFC could perform jobs such as assembler (1,400 jobs in California and 14,000 in the nation), order clerk (1,300 jobs in California and 13,000 in the nation), and charge account clerk (1,500 jobs in California and 15,000 in the nation). AR 54-55.

"'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner bears the burden of establishing that there exists other work in "'significant numbers.'" *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). The Ninth Circuit has never set out a bright line rule for what constitutes a significant number of jobs. *Id.* In *Beltran*, the Circuit found that 135 regional jobs and 1,680 national jobs are not "significant" within the meaning of the Act. *Id.* On the other hand, the Circuit noted that 1266 regional jobs is a significant number. *Id.* (citing *Barker v. Sec'y*, 882 F.2d 1474, 1479 (9th Cir. 1989)); *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (1,300 jobs in Oregon is significant number).

An ALJ may rely on a VE's testimony regarding the number of jobs in a region or the country. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). "An ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." *Id.* The regulations also identify several sources of job information, including the Dictionary of Occupational Titles ("DOT"), County Business Patterns published by the Bureau of the Census, Occupational Analyses prepared by various state employment agencies and the Occupational Outlook Handbook, published by the Bureau of Labor Statistics. 20 C.F.R. §§ 404.1566(d), 416.966(d).

Peck's counsel submitted to this court selected pages from reports of Specific Occupational Employment – Unskilled Quarterly ("SOEUQ") for the fourth quarter of 2010 and Job Browser Pro for 2010. (Patel Decl. ¶¶ 2-3 & Exhs. 1-4.)[1] Peck does not claim to be a VE and her interpretation of the data in the SOEUQ and Job Browser Pro is unaccompanied by any analysis or explanation from a VE. Peck argues that these pages show far fewer jobs available in the local and national economy than the VE claimed.

On judicial review of the Commissioner's final decision, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that

---

[1] The pages do not contain date of publication.

there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[2] *Id.*

Good cause is shown "[i]f new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding." *Key v. Heckler*, 754 F.2d 1545, 151 (9th Cir. 1985). A claimant must show good cause for not having sought the favorable information earlier. *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001).

Peck has not shown that she could not have obtained jobs data before the Appeals Council denied her request for review on November 18, 2011. AR 1; *see Brewes v. Comm'r of SSA*, 682 F.3d 1163 (9th Cir. 2012) (new evidence considered by Appeals Council in denying review becomes part of administrative record considered by district court); *Pyne v. Astrue*, 2008 U.S. Dist. LEXIS 64148, *16 (E.D. Cal. Jan. 4, 2008) (finding absence of good cause for failure to submit the new evidence to Appeals Council).

Peck argues that she was not represented by counsel in the administrative proceedings and was found by the ALJ to have bipolar disorder and obsessive compulsive disorder. AR 20, 22, 35. The ALJ noted that psychiatric treatment records found Peck to be of excellent intelligence with no cognitive loss. AR 25, 281. The ALJ cited subsequent records indicating Peck was intelligent and had appropriate memory, concentration and judgment. AR 26, 471. Apart from her physical injuries from a car accident, she was able to adapt to workplace stressors such as decision-making, schedules, interaction with customers and

---

[2] Peck cites *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999), in which the Ninth Circuit addressed the standard for raising new issues on appeal. "We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Id.* at 1115. "We will only excuse a failure to comply with this rule when necessary to avoid a manifest injustice." *Id.*; *Robbins v. SSA*, 466 F.3d 880, 886 n.3 (9th Cir. 2006) (declining to address argument that ALJ erred in relying on VE's testimony regarding the number of jobs available without establishing a foundation as not preserved on appeal). The court did not address the application of § 405(g) at the district court level.

6

supervisors, and attendance. AR 26, 471. After her release from prison, she was able to reopen her appeal and submit prison records, paratransit eligibility records and medical records to the Appeals Council. AR 15; AR 9-14. There is no evidence in the administrative record or before this court indicating that Peck's mental impairments rendered her unable to present evidence at the hearing or the Appeals Council. The absence of counsel alone does not constitute good cause for remand under § 405(g). *See Beck v. Matthews*, 601 F.2d 376, 378 (9th Cir. 1978).

Peck also contends that because she was unrepresented and suffered from mental impairments, the ALJ had a duty to develop the record as to the foundation for the VE's testimony. Although the ALJ's duty is heightened when a claimant is unrepresented, *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003), Peck presents no authority to support her proposition that an ALJ is required to develop the methodology of the VE.[3] The ALJ made no finding that the evidence was ambiguous or that the record was inadequate to allow for proper evaluation. *See Mayes*, 276 F.3d at 459-60. The VE's expertise is sufficient foundation for a VE's job estimates. *Bayliss*, 427 F.3d at 1218.

In her reply, Peck argues that "[i]t would be inconceivable to expect [her] to travel a long commute for a job that likely pays minimum wage."[4] JS 18.

---

[3] Neither the SOEUQ nor the Job Browser Pro is included in the list of published sources recognized in social security regulations. 20 C.F.R. §§ 404.1566(d), 416.966(d). Although a VE is free to rely upon SOEUQ or Job Browser Pro data, it is also true that such data has been challenged. *Compare Brault v. SSA*, 683 F.3d 443, 446 (2d Cir. 2012) (discussing challenge to OEQ, a predecessor to SOEUQ, and its correlation of DOT job codes) *with Poisson v. Astrue*, 2012 WL 1067661, at *9 (D. Me. March 28, 2012) (VE may rely on Job Browser Pro as well as her own professional experience in endorsing job numbers); *Jordan v. Astrue*, 2009 WL 3380979, *4, *7 (D. Neb. 2009) (VE may rely on OEQ). Peck does not cite any authority for the proposition that the ALJ is obligated to cross examine a VE based on such data.

[4] Peck's argument that the ALJ did not consider the length of time for her sit-stand breaks is unfounded. As the Commissioner argues, the ALJ specified in the RFC determination that Peck could stand for two hours and sit for six hours,

However, the social security regulations state that the focus need not be on the immediate area in which an individual lives. 20 C.F.R. §§ 404.1566(a), 416.966(a). As Peck acknowledges, the "significant number of jobs" can be either regional jobs (the region where a claimant resides) or in several regions of the country. *Beltran*, 700 F.3d at 389. The VE's testimony about the number of jobs available is sufficient under Ninth Circuit precedent. *Id.* at 389; *Thomas*, 278 F.3d at 960);[5] *Barker*, 882 F.2d at 1479.

### 2. Hypothetical Question to Vocational Expert

Peck contends the ALJ asked an incomplete hypothetical to the VE that did not include a simple, repetitive task limitation.

An ALJ may rely on VE testimony given in response to a hypothetical question that contains all of the limitations the ALJ found credible and supported by substantial evidence. *Bayliss*, 427 F.3d at 1217-18. An ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

The parties agree that the ALJ's hypothetical did not include the limitation to simple, repetitive work. Peck argues that two of the three representative jobs identified by the VE, the charge account clerk and order clerk jobs, require Level 3 reasoning that is inconsistent with a limitation to simple, repetitive tasks.[6] The

---

and must be allowed to sit or stand at will throughout the workday. AR 24. The hypothetical to the VE included the sit/stand at will option and the VE reduced the number of jobs available to Peck based on the sit/stand at will option. AR 53-55.

[5] Peck contends that a state is not a "region" under the Social Security Act, yet she acknowledges that the Ninth Circuit in *Thomas* found that substantial evidence supported an ALJ's finding of non-disability where there were a significant number of jobs in the claimant's state and nationwide. JS 17-18.

[6] Under the DOT, the General Educational Development ("GED") Scale measures "those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, Appendix C, Section III, 1991 WL 688702 (1991). The GED Scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development. *Id*. Reasoning Development Level 3 requires a person to "[a]pply commonsense

8

Ninth Circuit has not addressed the issue of whether someone limited to simple, repetitive work can perform jobs requiring Level 3 reasoning.[7] Some district courts have held that a limitation to simple repetitive tasks is inconsistent with jobs requiring Level 3 reasoning. *See, e.g., Espinoza v. Astrue,* 2013 WL 327889, at *3 (C.D. Cal. Jan. 29, 2013); *Grimes v. Astrue*, 2011 WL 164537, at *4 (C.D. Cal. Jan. 18, 2011); *Carney v. Astrue*, 2010 WL 5060488, at *5 (C.D. Cal. Dec. 6, 2010). Other district courts have held that simple repetitive tasks are not necessarily inconsistent with Level 3 reasoning. *See, e.g., Dahl v. Astrue*, 2011 WL 2837660, *1 (C.D. Cal. July 18, 2011) (looking at the record to determine whether claimant can perform type of work identified by vocational expert); *Wentz v. Astrue*, 2009 WL 3734104, at *14 (D. Or. Nov. 4, 2009) (same). This court need not reach this question.

The Commissioner argues that any error was harmless because the remaining job of assembler is consistent with Peck's RFC. An "ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation omitted). The court looks to the record as a whole to ascertain whether the error alters the disability determination. *Id.*

The assembler job requires Level 1 reasoning, which is consistent with a limitation to simple, repetitive tasks.[8] *See Chavez v. Astrue*, 699 F. Supp. 2d

---

understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *Id.*

[7] There is a split among the circuit courts on whether a limitation to simple, repetitive work is compatible with the performance of jobs requiring Level 3 reasoning. *Compare Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009); *Hillier v. Soc. Sec. Admin.*, 486 F.3d 359, 367 (8th Cir. 2007) *with Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).

[8] Level 1 reasoning requires a person to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations

9

1125, 1136 n.10 (C.D. Cal. 2009). After reducing the number of available jobs to account for the sit/stand option, the VE testified that there were 1,400 assembler jobs in California and 14,000 in the nation. AR 53-55. This testimony satisfies the requirement of a significant number of jobs. *See Thomas*, 278 F.3d at 960; *Barker*, 882 F.2d at 1479. The ALJ relied on the VE's testimony and found that the number of generally appearing jobs was significant. AR 28-29. Accordingly, any error was harmless.[9]

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: June 19, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge

---

encountered on the job." DOT, Appendix C, Section III, 1991 WL 688702 (1991).

[9] *See Allison v. Astrue*, 425 Fed. Appx. 636, 640 (9th Cir. 2011) (error is harmless if remaining job identified by VE exists in significant numbers; applying rationale in *Carmickle v. Comm'r*, 533 F.3d 1155, 1162-63 (9th Cir. 2008)).